**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2754
_____

JOSHUA SEIBLES,
                                        Appellant

v.

WARDEN J.E. THOMAS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-13-cv-00697)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 2, 2015
Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 10, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Joshua Seibles, a federal prisoner, filed a petition pursuant to 28 U.S.C. § 2241,

claiming that the Federal Bureau of Prisons ("BOP") improperly calculated his sentence

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and refused to deem it to run concurrently with his state sentences.[1] The District Court denied the petition, and Seibles now appeals.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).[2] We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). We review the BOP's denial of a nunc pro tunc designation for abuse of discretion. See Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990). Upon review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We agree with the District Court's interpretation of the record and thorough analysis of Seibles's claim that he was entitled to credit for time spent in a South Carolina correctional facility. Accordingly, we will only summarize the most salient points. First, as the District Court concluded, Seibles was clearly not entitled to credit for four days in which he was not in prison because he had escaped. Second, all of the contested time was already credited against Seibles's state sentences. Accordingly, he could not be given credit for it against his federal sentence. See 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has

---

[1] The federal sentence had not been ordered to run concurrently with any state sentence.

[2] Seibles properly brought his challenge under 28 U.S.C. § 2241. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

2

spent in official detention prior to the date the sentence commences . . . that has *not* been credited against another sentence.") (emphasis added).[3]

Furthermore, although Seibles was detained pursuant to a writ of habeas corpus *ad prosenquendum* for a period of time, a prisoner so detained remains in the primary jurisdiction of the first jurisdiction—in Seibles's case, the state of South Carolina — "unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000); BOP Program Statement 5880.28 § 3b (1999) (emphasizing that *ad prosenquendum* writs do not effect a transfer to federal custody). Based on the information in the record, South Carolina did not relinquish jurisdiction until the end of his state sentences. Accordingly, the BOP properly did not give him prior custody credit for the contested period.

We also agree with the District Court that the BOP did not abuse its discretion in denying Seibles's request for a nunc pro tunc designation. Under 18 U.S.C. § 3621, the BOP has the authority to designate, nunc pro tunc, the place of confinement for a prisoner's federal sentence. Setser v. United States, 132 S. Ct. 1463, 1467-68 (2012). Accordingly, the BOP had the authority to designate the state prison as the official facility for service of Seibles's federal sentence, allowing his state and federal sentences to run concurrently. Barden, 921 F.2d at 483. We have previously held that prisoners are

---

[3] While the time in the state prison could not be *credited* against the federal sentence, in the appropriate case the BOP can designate the state prison as the location for a federal inmate to serve his sentence, effectively allowing the terms to run concurrently, as discussed below.

3

entitled to have their requests for nunc pro tunc designation examined by the BOP using the factors listed in § 3621(b), but the BOP has "wide discretion" in determining whether to grant the request. Id. The record reflects that the BOP reviewed Seibles's request under the factors stated in § 3621(b), and denied his request based on, inter alia, the recently provided recommendation of the federal sentencing court that the sentences not run concurrently. Accordingly, the BOP did not abuse its discretion under § 3621(b) by denying Seibles's nunc pro tunc request.

For these reasons and those given by the District Court, we will affirm the District Court's judgment.